UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTINA H.,

        Plaintiff,                             Case No. 2:23-cv-10351
                                                             Magistrate Judge Anthony P. Patti

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 12), DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 17), and REMANDING THIS MATTER TO THE COMMISSIONER OF SOCIAL SECURITY**

**I.    Background**

Plaintiff Bettina H. applied for disability insurance (DI) benefits. (ECF No. 6, PageID.465-468.) On March 16, 2022, ALJ Smereka issued an unfavorable decision (ECF No. 6, PageID.282-304), and, although Plaintiff sought review of the decision (*id*., PageID.456-458), the Appeals Council denied Plaintiff's request on January 5, 2023 (*id*., PageID.230-236).

On February 9, 2023, Plaintiff brought this action under 42 U.S.C. §§ 405(g), 1383(c)(3) for review of the final decision of the Commissioner of Social Security (Commissioner) denying her application for DI benefits. The parties have

consented to my jurisdiction to handle this case through entry of a final judgment. (ECF No. 8.)

## II. Instant Motion

Currently before the Court is Plaintiff's motion for summary judgment, which pursues two challenges to the Commissioner's findings:

> I. The ALJ's rationale for discrediting the opinion of Dr. Beimer does not withstand any scrutiny.
>
> II. The ALJ disregards SSR 83-10 and misinterprets the opinion of Plaintiff's treating physiatrist, Dr. Beimer, in stating that she limited Plaintiff to "light work."

(ECF No. 12, PageID.1238, 1240, 1245, 1246-1249.) The Commissioner filed a cross-motion for summary judgment (ECF No. 17), and Plaintiff filed a reply (ECF No. 18).

The Court held a hearing on January 17, 2024 at which counsel for Plaintiff (Attorney Jacob Conrad Bender) appeared by video and counsel for Defendant (AUSA Susana Ochoa) appeared by telephone (ECF Nos. 19, 22), and both parties presented oral argument. At the conclusion of the hearing, the Court issued its ruling and provided extensive reasoning from the bench, <u>all of which is hereby incorporated as though fully restated herein</u>.

## III. Standard

Plaintiff has the burden of proof on her statements of error, as she challenges the ALJ's RFC determination, which occurs between steps 3 and 4 of

the sequential process. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five."). "[A] decision supported by substantial evidence must stand, even if [the court] might decide the question differently based on the same evidence." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017). The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

IV. Discussion

    1. **Rationale for discrediting Dr. Beimer's MSS**

In the ALJ's written decision, he recognized Jane Beimer, M.D. as having treated Plaintiff, citing several of Dr. Beimer's records (*see id.*, PageID.293-295), including the October 21, 2021 physical medical source statement (MSS) (*id.*, PageID.930-933). As explained in greater detail following oral argument, to the

3

extent Plaintiff argues that "[t]he ALJ's rationale for discrediting the opinion of Dr. Beimer does not withstand any scrutiny[,]" (ECF No. 12, PageID.1246-1248), the Court has reviewed this portion of the ALJ's decision (*see* ECF No. 6, PageID.294-295), and concludes the ALJ properly discrediting the opinion with citations to Dr. Beimer's April 14, 2021 progress notes (*see id.*, 901-904 [Ex. 8F]; *id.*, PageID.905-911 [Ex. 9F]; and, *id.*, PageID.1139-1220 [Ex. 17F]). Indeed, the ALJ neither disregarded nor discounted the entirety of Dr. Beimer's opinion; rather, the ALJ found certain findings credible and adopted them, while rejecting others as unpersuasive. The ALJ gave three reasons for finding various portions of Dr. Beimer's opinion unpersuasive as unsupported by the record. First, the ALJ noted that Dr. Beimer's indication that there was an increase in symptoms was contradicted by Plaintiff's own testimony and reports. Second, the ALJ found that Dr Beimer's conclusion that there was a progression of stenosis in 2021 and 2022 is not reflected in the objective findings and contradicted by her own treatment notes, which indicate that "pain is stable" and that the patient was "grossly neuro stable on exam," with non-labored breathing, strength in antigravity testing in the upper and lower extremities, in no acute distress, without assistive devices and with "non-antalgic gait." Finally, the ALJ noted Dr Beimer's continued reliance on a relatively stale MRI (which was mischaracterized as a "New MRI" due to

4

copying and pasting from prior records)[1] in concluding that there was a "progression of stenosis, now severe at L4-5 level, progression at L3-4 level[.]" (*See* ECF No. 6-3, PageID.294-295.)  These were clear and legitimate bases for discounting portions of Dr. Beimer's medical opinion and provide a traceable path for understanding the ALJ's reasons and logic.  However, as discussed below, the ALJ's opinion was ambiguous at best, and misguided at worst, with respect to communicating exactly which portions of Dr. Beimer's opinions were being rejected or adopted with respect to Plaintiff's exertional capabilities.

2. **Light versus sedentary exertional limitations**

To the extent Plaintiff argues that "[t]he ALJ disregards SSR 83-10 and misinterprets the opinion of Plaintiff's treating physiatrist, Dr. Beimer, in stating that she limited Plaintiff to 'light work[,]'" (ECF No. 12, PageID.1248-1249), Plaintiff has shown error.  Preliminarily, as Plaintiff's counsel explained during the hearing, if Plaintiff was only capable of sedentary work (as opposed to light work), then she would be disabled under the Medical-Vocational Guidelines, based on her age, which – given her June 8, 1966 date of birth (ECF No. 6, PageID.465) – was 55 (*i.e.*, "advanced age") at the time of the ALJ's March 16, 2022 decision.  *See* 20

---

[1] *See* ECF No. 6, PageID.754 & 798 & 825 [December 17, 2019], 778 [April 27, 2020], 783 [July 24, 2020], 790 [October 19, 2020], 334 & 910 & 1215 [April 14, 2021], 1196 & 1201 [July 14, 2021], 1176 & 1182 [October 14, 2021], 1143 & 1147 [January 13, 2022].

C.F.R. § Pt. 404, Subpt. P, App. 2 (Rules 201.01, 201.02, 201.04 & 201.06, "Maximum sustained work capability limited to sedentary work as a result of severe medically determinable impairment(s)."). In other words, accurate resolution of this issue could be a game-changer in this matter under the applicable Vocational Tables, *i.e.*, it "prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (internal citations omitted).

More to the point, with respect to Dr. Beimer's MSS, the ALJ stated that "[t]he limitation to light work is persuasive[,]" (ECF No. 6, PageID.294), but Dr. Beimer's assessment of Plaintiff's exertional activities is not entirely consistent with the definition of light work. (*Compare id.*, PageID.931-932 ¶¶ 11a-11j; *with*, 20 C.F.R. §§ 404.1567(b), 416.967(b).) Perhaps more problematically, the ALJ makes this statement without distinction as to the various exertional activities, mentioning only that Plaintiff "does not need to elevate her legs with prolonged sitting or use a cane or other assistive device[.]" (ECF No. 6, PageID.294.) *See* SSR 83-10 (S.S.A. 1983) (defining "exertional activity" as "[o]ne of the primary strength activities (sitting, standing, walking, lifting, carrying, pushing, and pulling) defining a level of work."). And, while the ALJ subsequently acknowledged that the state agency medical consultant opinions support a conclusion that Plaintiff is capable of light work (*see* ECF No. 6, PageID.297-298),

6

and while Plaintiff has not challenged the ALJ's treatment of these opinions, the ALJ also does not explain why these are persuasive as to light work.[2] "[T]he ALJ's failure to follow the Agency's procedural rule does not qualify as harmless error where we cannot engage in 'meaningful review' of the ALJ's decision." *Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). *See also Hardy v. Comm'r of Soc. Sec.*, 554 F.Supp.3d 900, 908 (E.D. Mich. 2021) (Lawson, J.) ("[T]he regulations [mandate] that . . . claimants [receive] a certain level of process that cannot be discounted by the substantial evidence test alone[,]" lest the Commissioner be afforded "the ability [to] violate the regulation with impunity and render the protections promised therein illusory.") (citing *Blakley*, 581 F.3d at 410, and quoting *Wilson*, 378 F.3d at 546).

    Here, it is difficult to trace the path of reasoning between the ALJ's finding that Plaintiff is capable of performing light work and the supporting evidence. More specifically, the lack of functional distinction makes it unclear how she is supposed to be able to perform the various strength activities – sitting, standing, walking, lifting, carrying, pushing, and pulling – involved in light work. Because it is unclear which portions of Dr. Beimer's opinion are accepted and which are

---

[2] *See* Francis Grubelich, MD's January 25, 2021 physical RFC assessment (ECF No. 6, PageID.351-353 [Ex. 2A]) and Larry Jackson, M.D.'s September 2, 2021 physical RFC capacity (ECF No. 6, PageID.361-364 [Ex. 4A]).

7

rejected, the ALJ's statement that "[t]he rest of the opinion is not persuasive because it is not supported by the record[,]" (ECF No. 6, PageID.294), further muddies the waters.

The Court particularly notes that Dr. Beimer's April 14, 2021 plan included provision of a permanent handicapped parking pass, given Plaintiff's "severe stenosis and COPD limiting walking distance[,]" (ECF No. 6, PageID.904), and the ALJ seems to have acknowledged this (*id.*, PageID.293).  Yet, as Plaintiff notes in her appeal, "[i]n this case, the ALJ issued an RFC holding that a 55 year old woman with a permanent handicap parking permit, COPD, and an MRI showing severe lumbar stenosis can walk 6 hours per day without a sit/stand option." (ECF No. 12, PageID.1248.)  "[I]t is the function of the ALJ – not this Court – to evaluate and weigh the relevant medical evidence." *Garza v. Comm'r of Soc. Sec.*, No. CV 15-11507, 2016 WL 703038, at *6 (E.D. Mich. Jan. 22, 2016) (Grand, M.J.), *report and recommendation adopted*, No. 2:15-CV-11507, 2016 WL 687813 (E.D. Mich. Feb. 19, 2016) (Murphy, J.).  Still, "[a]n ALJ 'must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning.'" *Weeks v. Comm'r of Soc. Sec.*, No. 1:16-CV-121, 2016 WL 6067957, at *4 (W.D. Mich. Oct. 17, 2016) (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).  Here, the Commissioner would have the Court conclude that "the ALJ credited the portion of Dr. Beimer's opinion limiting Plaintiff to light

8

work – the lifting requirements." (ECF No. 17, PageID.1277.) However, the ALJ's opinion does not actually say that he only credited the light work restriction to lifting requirements; rather, it simply and broadly states that Dr. Beimer's "limitation to light work is persuasive." (ECF No. 6-3, PageID.294.) Although the ALJ briefly states that Plaintiff "does not need to elevate her legs with prolonged sitting or use a cane or other assistive device," (*id.*), exactly which facets or activities of light work – *i.e.*, sitting, standing, walking, lifting, carrying, pushing, and pulling – are found persuasive by the ALJ is unclear, and "[c]ourts are not at liberty to speculate on the basis of an administrative agency's order." *Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (6th Cir. 1991) (citation omitted). These distinctions are important, because "light work" involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds[,]" and,

> . . . [e]ven though the weight lifted may be very little, a job is in this category when it requires *a good deal of walking or standing*, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, *you must have the ability to do substantially all of these activities*.

20 C.F.R. §§ 404.1567(b), 416.967(b) (emphases added); *see also* SSR 83-10. In the instant matter, "the Commissioner's post hoc rationalization is not an acceptable substitute for the ALJ's lack of rationale concerning his omission in

considering the opinion of plaintiff's treating physician." *Schroeder v. Comm'r of Soc. Sec.*, No. 11-14778, 2013 WL 1316748, at *13 (E.D. Mich. Mar. 1, 2013) (Hluchaniuk, M.J.), *report and recommendation adopted*, No. 11-14778, 2013 WL 1294127 (E.D. Mich. Mar. 29, 2013) (Rosen, C.J.). *See also Berryhill v. Shalala*, No. 92-5876, 1993 WL 361792, *7 (6th Cir. Sept. 16, 1993) ("the district court erred by adopting the Secretary's *post hoc* rationalizations for its conclusion that the income was unearned income."); *Mendyk v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-11730, 2019 WL 4053949, at *7 (E.D. Mich. Aug. 7, 2019) (Patti, M.J.) ("the fact that the Commissioner now offers *post hoc* justifications for the ALJ's conclusion is simply insufficient.") (referencing cases), *report and recommendation adopted sub nom. Mendyk v. Comm'r of Soc. Sec.*, No. 18-CV-11730, 2019 WL 4040067 (E.D. Mich. Aug. 27, 2019) (Cleland, J.).

Furthermore, the Commissioner's argument that Plaintiff has failed "to show the ALJ portrayed the entire opinion as light work . . ." misses the point. (ECF No. 17, PageID.1278 (citing ECF No. 12, PageID.1249).) While Plaintiff may have the burden to demonstrate a disabling condition at Steps I-IV, *see Walters*, 127 F.3d at 529, it is *the Commissioner's legal responsibility* to articulate a clear opinion. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."). In this case, while the ALJ

10

used an acceptable process for discounting the treating physiatrist's opinion generally (*see* Section IV.1), the ALJ failed to comprehensively break down and clearly explain which light work exertional limitations were being adopted, which were being rejected, and why. In short, the ALJ failed to supply an "accurate and logical bridge to instruct the Court of [his] reasoning." *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 830 (E.D. Mich. 2017) (Patti, M.J.).

## V.    Order

In the end, Plaintiff has shown legal error that would upend the ALJ's decision. Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion for summary judgment is **GRANTED** (ECF No. 12), Defendant's motion for summary judgment is **DENIED** (ECF No. 17), and this matter is **REMANDED** to the Commissioner of Social Security for action consistent with this opinion, including specific direction that the ALJ must:

- clarify what is meant by the adoption of light work, breaking it down into the exertional activities described in 20 C.F.R. §§ 404.1567, 416.967 and giving a better explanation in light of SSR 83-10;

- provide the missing logical bridge and reasoning with consideration for the fact that Plaintiff was given a permanent handicap parking pass, spelling out Plaintiff's ability to walk with justification, and explaining whether a sit/stand option is needed and why or why not;

11

- consider and explain the difference(s) in light and sedentary work, based on Plaintiff's abilities;

- obtain vocational expert (VE) testimony to resolve any conflicts, as necessary; and,

- consider any other evidence that is appropriate.

**IT IS SO ORDERED.**

Dated: January 22, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE