UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTINA H. (deceased),

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Case No. 2:23-cv-10351
Honorable Anthony P. Patti

**OPINION AND ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR AUTHORIZATION OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) (ECF No. 26), FILED WITHOUT OBJECTION FROM DEFENDANT**

**I.  OPINION:**

    **A.  Procedural Background**

In February 2023, Betting H. initiated this lawsuit, challenging the ALJ's March 11, 2022 unfavorable decision, which became the Commissioner's final decision on January 5, 2023. (*See* ECF No. 6, PageID.230-236, 282-304.) The parties consented to my jurisdiction, and I noticed a hearing for January 17, 2024. (ECF Nos. 8, 19, 21, 22.) At the conclusion of oral argument, I granted Plaintiff's motion and denied Defendant's motion. In a January 22, 2024 written order, I remanded the case to the Commissioner for action consistent with my opinion (ECF No. 23); judgment was entered the same day (ECF No. 24).

On March 21, 2024, I entered a stipulation and order for an award of attorney fees under the Equal Access to Justice Act (EAJA), in the amount of $5,418.  (ECF No. 25.)

Plaintiff passed away on May 13, 2024.  (ECF No. 26, PageID.1346.)  Shortly thereafter, her husband, Robert E. H., submitted a "notice regarding substitution of party upon death of claimant" to the Social Security Administration (SSA).  (*Id.*, PageID.1345.)

On April 6, 2025, the SSA informed Bettina H. that she was "found disabled between December 2021 and April 2024."  (ECF No. 26, PageID.1326-1328.)  *Inter alia*, the SSA noted it was withholding $7,351.00 from Plaintiff's past-due benefits to pay her representative (*id.*, PageID.1326), presumably because this amount was 25% of $29,404 in total past due benefits owed to Plaintiff by Defendant (*see id.*, PageID.1316 n.1).

**B.     The Instant Motion**

On April 24, 2025, Attorney Jacob C. Bender filed a motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b) (ECF No. 26) – filed without objection from Defendant – requesting $7,351 in 42 U.S.C. § 406(b) fees (*id.*, PageID.1317-1318) in accordance with the contingent fee agreements into which Plaintiff and Attorneys Karlan Bender and Jacob Bender entered in October

2020 and December 2024 (*see* ECF No. 26, PageID.1334-1335). (ECF No. 26, PageID.1317 ¶ 8.)

In the petition, Plaintiff's counsel represents that the Commissioner "stated that she neither supports nor opposes counsel's request for $7,351 in attorney's fees pursuant to 42 U.S.C. § 406(b)[,]" "agrees that Plaintiff's counsel may style the motion as unopposed[,]" and "does not intend to file a response given that her position is accurately reflected in this motion." (*Id.*, PageID.1317 ¶ 10.) Indeed, to date, the Commissioner has not filed a response.

### C. Discussion

While the Commissioner does not oppose the amount sought, the Court has an independent obligation to assess the reasonableness of a request for attorney fees under the statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *see also Lasley v. Commissioner of Social Sec.*, 711 F.3d 308, 310 (6th Cir. 2014). Indeed, as the Sixth Circuit has noted, "[t]he primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). "The party requesting attorney fees bears the burden of establishing the number of hours and hourly rate are reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

3

A reasonable hourly rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, (1984)). "In order to determine the local market rate, the court should rely on a combination of its own expertise and judgment." *Stryker Corp. v. Prickett*, No. 1:14 -01000, 2016 U.S. Dist. LEXIS 167120, at *8 (W.D. Mich. Dec. 5, 2016). The court may consider proof of rates charged in the community under similar circumstances, as well as opinion evidence of reasonable rates, *Wells v. Corporate Accounts Receivable*, 683 F.Supp.2d 600, 602 (W.D. Mich. 2010). The benchmark for determining a reasonable hourly rate is the State Bar of Michigan's Economics of Law Practice Survey. *See Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 501–02 (6th Cir. 2006). "The district court has broad discretion in determining a reasonable hourly rate for an attorney." *Northeast Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016).

When analyzing large hourly fees, the Sixth Circuit has held that a 25% fee award is presumed reasonable. *See Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The court in *Rodriquez* observed two exceptions to that presumption: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an

4

inordinately large benefit award or from minimal effort expended." *Id.* The Court finds that neither of the two exceptions applies in this case, and thus, Petitioner's request is presumptively reasonable. Here, the SSA withheld $7,351 from Plaintiff's "past-due benefits to pay [her] representative." (ECF No. 26, PageID.1326.)

The Court has reviewed Petitioner's sworn "recitation of hours spent by attorney" in detail, which provides an itemization of 21.9 hours worked at a hypothetical hourly rate of $335.66 (*i.e.*, $7,351 / 21.9 hours). (ECF No. 26, PageID.1336-1338.)[1] The court in *Hayes v. Sec'y of HHS* provides a guideline for reasonable hourly rates:

> We believe that, under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

923 F.2d 418, 422 (6th Cir. 1990). The court believed that using a multiplier of two was appropriate as a floor "in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately." *Id.*

---

[1] The recitation contains a scrivener's error, namely where it lists a total of 23.9 hours, when the itemized attorney time dated January 12, 2023 to January 17, 2024 totals 21.9 hours. (ECF No. 26, PageID.1336-1337.)

There is no evidence that Petitioner acted improperly, ineffectively or put in merely a minimal effort, and the Court finds that the award would not result in a windfall to Petitioner. A $335.66 hourly rate falls within the parameters set by the Sixth Circuit. *See id.* Attorney Jacob C. Bender (P78743) was admitted to the State Bar of Michigan in November 2014 and is an active member in good standing.[2] Thus, he has been an attorney for more than ten (10) years. Here, half of Petitioner's hypothetical hourly rate equals $167.83, placing him below the $300 median rate for attorneys with 6 to 10 years in practice, the $305 median rate for attorneys with 11 to 15 years in practice, and the $250 median rate for attorneys in Lenawee County.[3]

---

[2] *See* https://sbm.reliaguide.com/lawyer/49221-MI-Jacob-Bender-65920 (last visited June 6, 2025). ). The Court also notes that the other signatory to the fee agreement, Attorney Karlan J. Bender (P36867), was admitted to the bar in November 1984 and is an active member in good standing. *See* https://sbm.reliaguide.com/lawyer/49221-MI-Karlan-Bender-56744 (last visited June 6, 2025).

[3] *See* State Bar of Michigan: *2023 Economics of Law Report*, "2023 Attorney Hourly Billing Rates by Years in Practice" and "Attorney Hourly Billing Rates by County." *See* https://www.michbar.org/file/pmrc/pdfs/EoL_Report23.pdf (pp. 8, 11-12) (last visited June 6, 2025). In addition to the State Bar of Michigan's publication, Petitioner also relies upon an "affidavit" from attorney Bethany Versical (*see* ECF No. 26, PageID.1321 & 1333); however, this exhibit is not referenced in this opinion, because, although it purports to have been signed "being first duly sworn . . . [,]" it is not notarized and the statements are not described as made "under penalty of perjury . . . [,]" 28 U.S.C. § 1746.

Furthermore, other courts in this District have approved similar and higher rates. *See Beckrow v. Comm'r of Soc. Sec.*, No. 19-12834, 2022 WL 1050387, at *2 (E.D. Mich. Mar. 18, 2022) (Stafford, M.J.) ("A review of cases from this district reveals that an hourly rate of $250 to $500 is standard and doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny."), *report and recommendation adopted*, No. 2:19-CV-12834, 2022 WL 1050694 (E.D. Mich. Apr. 7, 2022) (Murphy, J.); *Hardy v. Berryhill*, No. 18-10743, 2020 WL 4199608, at *3 (E.D. Mich. July 22, 2020) (Goldsmith, J.) ("The Court finds that an award of $23,175 is reasonable, which equates to an effective hourly rate of $750.") (external citation omitted).  In addition to my findings regarding the reasonableness of the hourly rate, I have carefully reviewed the itemized entries for the work done.  The sworn recitation's entries, dated January 12, 2023 to January 17, 2024, total 21.9 hours and appear associated with the instant matter, *i.e.*, Case No. 2:23-cv-10351-APP (E.D. Mich.), as the entries begin shortly before the February 2023 filing of this appeal and conclude on the date of the Undersigned's January 17, 2024 oral ruling.  (*See* ECF No. 26, PageID.1336-1338.)  Upon consideration, I further find that the 21.9 hours charged are reasonable.  Thus, the Court should find that an award of attorney fees in the amount of $7,351 is reasonable.

And as counsel has acknowledged, upon receipt of attorney fees under 42 U.S.C. § 406(b), he must refund to Plaintiff's estate the $5,418 counsel received under the EAJA. (*See* ECF No. 25; ECF No. 26, PageID.1317 ¶ 7; *id.*, PageID.1321-1322.) (*See also Astrue v. Ratliff*, 560 U.S. 586, 595 (2010) ("Section 206(b) provides that no violation of law occurs 'if, where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d)], the claimant's attorney refunds to the claimant the amount of the smaller fee.'").

Finally, Plaintiff's counsel represents he served Plaintiff with a statement "advising her of her rights in this matter[,]" (ECF No. 26, PageID.1317 ¶ 8), although, while the referenced "notice" purports to have been accompanied by a copy of "the attorney's fee application and attachments[,]" it is not signed or dated by Petitioner (*see id.*, PageID.1344). To date, Plaintiff has not filed any opposition.

## II. ORDER:

For the reasons set forth above, Petitioner's April 24, 2025 motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b) (ECF No. 26), filed without objection from Defendant, is **GRANTED**. Plaintiff's counsel is **AWARDED** a reasonable fee of **$7,351**, and the Commissioner of Social Security is **DIRECTED** to disburse **$7,351** from the representative fees withheld from

Plaintiff Bettina H.'s past-due benefits to Petitioner, Attorney Jacob C. Bender, upon presentation of the Court's Opinion and Order. Upon receipt of this fee, counsel must refund Plaintiff **$5,418**.

    **IT IS SO ORDERED.**

Dated: June 9, 2025

                                              _____
                                              Anthony P. Patti
                                              UNITED STATES MAGISTRATE JUDGE